**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2702-19

SHE-KEV, INC.,

     Petitioner-Appellant,

v.

TOWNSHIP OF ROXBURY,

     Respondent-Respondent.

_____

     Submitted January 3, 2022 – Decided January 21, 2022

     Before Judges Vernoia and Firko.

     On appeal from the New Jersey Department of Law and Public Safety, Division of Alcoholic Beverage Control, Agency Docket No. 134.

     Jeffrey S. Mandel, attorney for appellant.

     Murphy Schiller & Wilkes, LLP, attorneys for respondent Township of Roxbury (Thomas S. Dolan, on the brief).

PER CURIAM

Petitioner She-Kev, Inc. appeals from an October 15, 2019 Final Conclusion and Order of the Division of Alcohol Beverage Control (the ABC) dismissing as moot petitioner's verified petition for a special ruling allowing renewal of petitioner's inactive liquor license and a person-to-person transfer of the license.[1]   Petitioner sought the relief from the ABC based on its claim respondent Township of Roxbury's (Roxbury) failure to timely act on its applications for the renewal and transfer constituted de facto denial of the applications.  Petitioner also appeals from the ABC's February 12, 2020 Order denying its motion for reconsideration.  Petitioner argues the orders were erroneously entered based on insufficient evidence, in violation of its due process rights, and in reliance on disputed facts that can only be decided in a plenary hearing.  Unpersuaded by petitioner's claims, we affirm.

I.

In June 2018, petitioner filed a verified petition with the ABC claiming Roxbury had failed to take timely action on its applications for renewal of its

---

[1]  The proposed "person-to-person" transfer of the liquor license was between petitioner and "She-Kev, LLC."

liquor license for the "2016-2017 and the 2017-2018 licensing years"[2] and the person-to-person transfer of the liquor license, asserting the failure constituted a de facto denial of the applications under N.J.A.C. 13:2-2.10(b), and requesting a special ruling pursuant to N.J.S.A. 33:1-12.39. The ABC referred the matter to the Office of Administrative Law (OAL) as a contested case.

Roxbury subsequently filed an answer to the verified petition, asserting: it did not consider petitioner's renewal application because it was incomplete; petitioner, the corporate owner of the license, "had been dissolved and was no longer a going concern"; and the State was unable to provide the tax clearance letter required for approval of the application because petitioner was a "dissolved entity." Roxbury's answer further stated that after it resolved a "myriad of errors" in the renewal application, it scheduled a June 26, 2018 hearing on that application and the application to transfer the license.[3]

Roxbury later decided to adjourn the hearing to allow its police department to complete criminal investigations into petitioner's business and

---

[2] N.J.S.A. 33:1-26 provides that the term of a liquor license runs from July 1 of one year until June 30 of the next, and automatically expires on June 30 each year.

[3] It is unnecessary to the resolution of the issues presented on appeal to address the myriad of issues with petitioner's application Roxbury contends resulted in the delay in its consideration of the application on the merits.

A-2702-19

because the New Jersey Division of Criminal Justice informed Roxbury it was in the process of presenting evidence to a grand jury concerning the operation of petitioner's business and petitioner's owners, Kevin Lipka and Shelly Lipka.

In its answer, Roxbury further asserted that before it could inform petitioner the hearing was to be adjourned, petitioner filed its verified petition for a special ruling with the ABC claiming Roxbury's alleged failure to timely decide the applications for the license renewal and transfer resulted in a de facto denial of the applications.

Following the filing of Roxbury's answer, petitioner's counsel withdrew, and one of petitioner's owners, Kevin Lipka (Lipka), thereafter represented petitioner in the OAL proceedings before the administrative law judges (ALJ) assigned to the matter, and before the ABC.

In a January 15, 2019 letter to the ABC director, Lipka disputed the claims made in Roxbury's answer to the verified petition and requested a "review and immediate[] approv[al]" of the license renewal and transfer applications.  On February 14, 2019, the Deputy Attorney General representing the ABC informed Lipka the ABC Director would not take any action on petitioner's verified petition for a special ruling while the petition was pending in the OAL.

4

The OAL issued a February 27, 2019 notice scheduling a March 5, 2019 telephone conference before ALJ Robert J. Giordano. In its brief on appeal, petitioner acknowledges Judge Giordano conducted the conference and then a follow-up call. As result of the initial telephone conference and call, the parties agreed to a remand of petitioner's applications for the license renewal and transfer – that were the subject of its verified petition for a special ruling – to Roxbury for a hearing and its decision on the merits of the applications.[4]

On appeal, the parties dispute the precise parameters of the agreement concerning the remand. However, it is undisputed they agreed to submit petitioner's applications for the license renewal and transfer to Roxbury for a decision on the merits of the applications. Indeed, Lipka represented to the ABC Director that he "agreed to the remand back to Roxbury for [its] decision . . . because Judge Giordano assured [him] that this route would be

---

[4] The record does not include a transcript of the conference or call, and it appears none was prepared. It also appears the parties' remand agreement was not memorialized in a writing and was not the product of an order entered by the ALJ. In any event, as we explain there is no dispute the parties agreed to a remand to Roxbury for its determination of the merits of petitioner's applications.

quicker than having the OAL decide this matter."[5]  Lipka explained he agreed to the remand to allow Roxbury to decide the merits of petitioner's applications because "Roxbury would have a decision in [forty-five] days and the OAL could take as long as six months."  According to Lipka, "[e]xpediting any decision was [his] only reason [for] consenting [to] the remand" to Roxbury.

Lipka obtained the result he sought by agreeing to submit petitioner's applications to Roxbury for its decision on the merits.  On April 15, 2019, Roxbury held a hearing on petitioner's applications at which Lipka represented petitioner, presented evidence, and testified on petitioner's behalf.  Eight days later, on April 23, 2019, petitioner obtained Roxbury's decision:  it issued a resolution denying petitioner's applications for the license renewal and transfer, and detailing the reasons for its denial.[6]

---

[5]  Lipka's statements concerning his agreement to the remand for Roxbury to decide the merits of petitioner's applications are included in an October 4, 2019 letter he sent to the ABC Director.

[6]  Roxbury's stated reasons for the denial of the application included:  (1) the application was incomplete and did not include an original affidavit and appropriate background investigation with "appropriate fingerprints"; (2) Lipka's testimony at the hearing was not credible because he claimed a completed application was submitted to Roxbury and that was not the case; (3) petitioner She-Kev, Inc. is not a corporation in good standing with the State; (4) during the term of the liquor license's suspension, petitioner received "delivery of alcoholic beverages on and within the licensed premises in violation of the

A-2702-19

The OAL did not immediately dismiss the verified petition following the parties' agreement to a remand to Roxbury for a decision on the merits of the applications. Although Roxbury heard the matter and issued its resolution denying the applications on the merits on April 23, 2019, the OAL Deputy Clerk issued an April 24, 2019 notice scheduling a May 29, 2019 hearing on the verified petition. On May 14, 2019, counsel for Roxbury advised the OAL that the "matter was resolved pursuant to a settlement reached through OAL mediation, whereby [Roxbury] agreed to hold a hearing on April 15, 2019[,] on the license renewal and related issues." Counsel provided a copy of Roxbury's resolution denying the applications, and indicated his correspondence, which was sent via email, was copied to Lipka. On appeal, petitioner does not dispute Lipka received counsel's email, and the record is bereft of any response from Lipka disputing counsel's representation concerning the referenced settlement.

conditions imposed by the suspension;" (5) petitioner violated the terms of its license by failing to preserve and maintain required video recordings of the licensed premises, and petitioner failed to provide the recordings to Roxbury when requested; (6) "while not dispositive," Roxbury found it "more likely than not that the licensed premises and the principals of [petitioner] were engaged in nefarious conduct" at the premises that is "contrary to the best interests and welfare" of the township; (7) petitioner failed to comply with the liquor license's limitations and suspension conditions "necessary to ensure that the licensed premise [were] not [to] be used for unlawful purposes"; and (8) petitioner failed to meet its burden of justifying the renewals and transfer of the liquor license.

Two days later, on May 16, 2019, the OAL forwarded an email to the parties conveying a message from ALJ Gail M. Cookson to Lipka. The email to Lipka stated, "[y]ou must withdraw the "appeal seeking the special ruling on Roxbury's denial by default of petitioner's applications to renew and transfer the license "without prejudice to filing a new appeal."[7] On the same day, Roxbury's counsel also forwarded the OAL's email to Lipka, stating, "Mr. Lipka, [k]indly withdraw your appeal per Judge Cookson's e-mail." The record does not include a response from Lipka or petitioner to the correspondence, and petitioner did not withdraw its verified petition seeking the special ruling on Roxbury's initial de facto denial of petitioner's applications.[8]

Roxbury contends there was an additional OAL conference subsequent to the May 16, 2019 emails. Roxbury claims the parties met with ALJ Jeffrey Gerson, who "again advised [Lipka] that he needed to timely appeal the merits"

---

[7] The email identified the appeal petitioner was directed to withdraw by its OAL docket number, but there is no dispute the referenced appeal was petitioner's verified petition for a special ruling from the ABC on Roxbury's de facto denial of petitioner's license renewal and transfer applications.

[8] The record shows the email correspondence was sent to Lipka's two email addresses, both of which he listed throughout the OAL proceedings as his email addresses.

of Roxbury's resolution denying petitioner's applications.[9]    There is no independent evidence supporting Roxbury's contention, but whether there actually was a conference with Judge Gerson during which he advised Lipka to withdraw the appeal is not a material issue of fact in this matter; resolution of the legal issues presented on appeal is not in any manner dependent on it.

On May 31, 2019, ALJ Cookson issued an Initial Decision dismissing petitioner's verified petition, which sought the special order concerning Roxbury's initial de facto denials of petitioner's applications.  Judge Cookson found the parties had agreed Roxbury "would convene and consider the application[s]" to renew and transfer petitioner's liquor license "to give petitioner consideration on the merits rather than the prior de facto denial."  She further found the parties agreed "the OAL matter would be remanded to Roxbury for said hearing."  Judge Cookson also noted Roxbury held an evidentiary hearing on the applications on April 15, 2019, and denied the applications in an April 23, 2019 resolution.

Judge Cookson found the remand "should have resulted in the closing of the OAL matter which had been transmitted by [the] ABC for adjudication of

_____

[9]  The parties, ALJ's, and the ABC Director refer to petitioner's June 2018 verified petition as petitioner's "appeal" from Roxbury's de facto denials of the license renewal and transfer applications.

the de facto denial[s] and special request," but "[f]or some reason, it did not." Judge Cookson explained that after the matter was assigned to her for a plenary hearing, she reviewed the file and Roxbury's resolution denying the applications, and she "sought to obtain petitioner's written statement that . . . the appeal was withdrawn from the OAL without prejudice to filing a new appeal . . . from the adverse [r]esolution."[10]

Judge Cookson sua sponte determined the matter "was properly concluded with the agreement of petitioner to have the matter remanded to Roxbury for a municipal hearing on the merits, which had been concluded." She further explained that petitioner's appeal, as set forth in its verified petition challenging the de facto denial of the applications, was moot because Roxbury had, with the agreement of the parties, conducted a hearing on the merits of the applications and rendered a decision. She noted petitioner refused to withdraw its verified petition, and it had been advised "there is no prejudice by doing so to its ability to file a new request for an appeal . . . on the latest formal (non-de facto) action

---

[10]  Judge Cookson also mentions the case was later assigned to another ALJ, Jeffrey Gerson, who reviewed the file and came to the same conclusion. Judge Gerson did not issue a decision in this matter, and we disregard any reference to his determination. Although Judge Cookson refers to Judge Gerson's involvement in the case, we read Judge Cookson's decision as reflecting she made her decision based on her review of the matter, independent of Judge Gerson's subsequent review.

of Roxbury." She entered a May 31, 2019 order dismissing the verified petition. The OAL, however, failed to immediately serve petitioner with Judge Cookson's initial decision and order.

Prior to the OAL's service of the decision and order, petitioner sent an August 1, 2019 letter to Judge Giordano. Authored by Lipka, the letter cited petitioner's verified petition challenging Roxbury's de facto denial of the applications for the 2016-2017 and 2017-2018 license renewals and transfer, and explained "the case was remanded back to Roxbury . . . to finally act on the" applications. Lipka further acknowledged Roxbury conducted the April 15, 2019 hearing on the applications and denied them, "at the conclusion of the hearing."

In his letter, Lipka declared he was "continuing the appeal to the [OAL and the ABC] for a [s]pecial [r]uling." Lipka asserted his letter should be "consider[ed] as a continuation of the [v]erified [p]etition that was filed on June 19, 2018," but in fact he sought amendments to the verified petition alleging new claims.[11] For the first time, Lipka requested relief from Roxbury's April 23, 2019 resolution denying on the merits petitioner's applications for renewal

---

[11] Indeed, on appeal, petitioner argues the amendments to the verified petition contained in Lipka's August 1, 2019 letter should have been freely granted.

of the 2016-2017 and 2017-2018 licenses and the license transfer, and he also sought relief from alleged denials of the renewal of the license for the 2018-2019 and 2019-2020 "liquor licensing years."

It was not until August 27, 2019, that the OAL first sent petitioner Judge Cookson's May 31, 2019 Initial Decision and order dismissing the June 19, 2018 verified petition. The OAL forwarded the decision and order to Lipka via email that day, and Lipka responded in an email stating the decision was not properly served on petitioner because it was entitled to notice via mail.[12] The OAL mailed Judge Cookson's decision to petitioner at the end of September.

In an October 4, 2019 letter to the ABC Director, Lipka objected to Judge Cookson's decision, claiming she "was not involved in [petitioner's] hearing," and the decision violated his due process rights. However, in the same letter, Lipka acknowledged he agreed to the remand to obtain a final decision on the merits of the applications more quickly from Roxbury than he would if the matter proceeded in the OAL. Lipka also referred to his August 1, 2019 letter

---

[12] In support of his assertion, Lipka relied on N.J.S.A. 33:1-31, which provides that notice of "a suspension or revocation" of a liquor license "may be served upon the licensee personally or by mailing the same by registered mail addressed to him [or her] at the licensed premises." It does not appear the statute has any application here because Judge Cookson's Initial Decision did not constitute a notice of a suspension or revocation of petitioner's liquor license.

to Judge Giordano, and requested that letter be considered when the matter returned to the OAL.

The Director accepted Lipka's October 4, 2019 letter, along with his August 1, 2019 correspondence, as exceptions to Judge Cookson's Initial Decision and order.  In the ABC's October 15, 2019 final agency decision, the Director found that in March 2019, the parties agreed petitioner's appeal "would be remanded to . . . Roxbury to hold a formal hearing on [p]etitioner's applications," and Roxbury subsequently "held a full evidentiary hearing on April 15, 2019" and "made a determination denying the applications."  The Director noted Judge Cookson then sought a written statement from petitioner withdrawing its case in the OAL without prejudice to filing a new appeal from Roxbury's denial of the applications on the merits, but "[p]etitioner chose not to comply with [the] . . . request."

The Director further found petitioner's exceptions to Judge Cookson's decision were not supported by evidence or any "authorities relied upon," and the "exceptions did not address why [petitioner] did not timely appeal" Roxbury's "April 15, 2019 determination to deny renewal of the license."  The Director found petitioner did not "cite any authority supporting [its] claim that the underlying de facto denial did not become moot after" Roxbury issued its

13

April 23, 2019 resolution denying petitioner's applications. In the October 15, 2019 Final Conclusion and Order, the Director determined "the matter was properly dismissed for mootness" and adopted Judge Cookson's Initial Decision.

Petitioner filed a motion for reconsideration, claiming numerous alleged errors in the Director's final decision. In a February 12, 2020 order, the ABC denied the reconsideration motion, explaining petitioner failed to sustain its burden of demonstrating dismissal of the verified petition was based on a "palpably incorrect or irrational basis" or a failure to consider or appreciate the evidentiary record. This appeal followed.

II.

Our review of an administrative agency's final determination is limited. In re Adoption of Amendments, 435 N.J. Super. 571, 582 (App. Div. 2014). We "afford[ ] a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)). We may reverse only if we "conclude that the decision of the administrative agency is arbitrary, capricious or unreasonable, or is not supported by substantial credible evidence in the record as a whole."

A-2702-19

J.D. v. N.J. Div. of Developmental Disabilities, 329 N.J. Super. 516, 521 (App. Div. 2000).

Our review of the ABC's determinations is limited to three questions: (1) whether the decisions are consistent with the agency's governing law and policy; (2) whether the decisions are supported by substantial evidence in the record; and (3) whether, in applying the law to the facts, the agency reached decisions that can be viewed as reasonable. In re Adoption of Amendments, 435 N.J. Super. at 583. Implicit in the scope of our review is a fourth question: whether the agency's decision offends the State or Federal Constitution. George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994). The burden of proof is on the party challenging the agency's action. Lavezzi, 219 N.J. at 171.

We are not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Ardan v. Bd. of Rev., 231 N.J. 589, 604 (2018) (quoting US Bank, N.A. v. Hough, 210 N.J. 187, 200 (2012)). We consider those issues de novo. L.A. v. Bd. of Educ. of Trenton, 221 N.J. 192, 204 (2015). However, "[w]hen resolution of a legal question turns on factual issues within the special province of an administrative agency, those mixed questions of law and fact are to be resolved based on the agency's fact finding." Campbell v. N.J. Racing Comm'n, 169 N.J. 579, 588 (2001).

15

Petitioner first argues the ABC erred by adopting Judge Cookson's Initial Decision because there were issues of fact requiring a hearing that precluded proper dismissal of the verified petition as moot. Petitioner's argument is founded on its claim Judge Cookson dismissed the verified petition as moot based on an erroneous finding petitioner agreed to the dismissal as a condition of the remand to Roxbury. Petitioner asserts there is a fact issue as to whether it agreed to dismiss the verified petition as a condition of the remand, and Judge Cookson, and the ABC, erred by determining there was such an agreement when its existence was a disputed fact. Petitioner argues that "[h]ad a motion been filed to enforce [the] alleged agreement . . . , a hearing would be required by the OAL to resolve the disputed facts."

Petitioner's contention is based on the false premise Judge Cookson and the ABC dismissed the verified petition based on a finding petitioner agreed to a dismissal as a condition of its assent to the remand. That is not the case. Although Roxbury argued petitioner agreed to dismiss the verified petition as a condition of the remand, neither Judge Cookson nor the ABC accepted the claim,

16

found there was such an agreement, or determined the purported agreement required dismissal of the appeal.[13]

Judge Cookson and the ABC found the appeal embodied in the verified petition was moot based on a determination wholly unrelated to the existence of petitioner's alleged agreement to a dismissal as a condition of the remand. They determined the appeal was moot following the remand and Roxbury's denial of the applications after a hearing on the merits because the then-pending verified petition challenged only the de facto denial of the applications.

We agree that if the ABC's decision dismissing the appeal was based on its enforcement of an agreement by petitioner to dismiss the verified petition as a condition of the remand, a hearing to resolve issues of fact would be required. The record includes no competent evidence of such an agreement, and petitioner disputes its existence.[14] But, despite Roxbury's claim there was such an agreement, the ABC's final decision is not based on a finding the agreement

---

[13] As noted, Judge Cookson stated that following Roxbury's decision on the merits following its hearing on the merits of the applications, the OAL proceeding should have been "closed," but "[f]or some reason, it did not." She did not cite to any purported agreement by petitioner to dismiss the appeal or rely on any such agreement to support her decision to dismiss the appeal as moot.

[14] We offer no opinion as to whether there was such an agreement. We note only there was no competent evidence presented establishing such an agreement.

existed, and the ABC did not dismiss the verified petition based on the purported agreement. Thus, petitioner's claim the ABC erred by failing to conduct a plenary hearing to determine if petitioner agreed to dismiss the appeal as a condition of the remand is unavailing; resolution of the factual dispute over the existence of the agreement is not necessary because the ABC did not rely on the purported agreement to support its dismissal of the verified petition.[15]

The ABC's dismissal based on mootness is founded on undisputed facts. Petitioner's verified petition challenged Roxbury's de facto denial of the applications. That is, the appeal challenged Roxbury's failure to timely act on the applications in 2018 that constituted de facto denials under N.J.A.C. 13:2-2.10. Following petitioner's appeal of those denials in its verified petition, and the ABC's referral of the matter to the OAL, the parties' agreed to remand the applications to Roxbury for a full hearing on the merits. In accordance with

---

[15] For the same reasons, we reject petitioner's claim the ABC's final decision enforced a "settlement reached through OAL mediation." Petitioner's argument is based on a contention made by Roxbury, and not any findings made by either Judge Cookson or the ABC. Neither Judge Cookson nor the ABC determined there was a settlement requiring dismissal of the appeal "reached through OAL mediation," and, again, the dismissal of petitioner's appeal was not based on a finding there was such an agreement. To the contrary, the appeal was dismissed based on a determination that following Roxbury's consideration and denial of the applications on the merits, petitioner's challenge to Roxbury's de facto denials was moot.

parties' agreement, Roxbury conducted the hearing and issued the April 23, 2019 resolution. It was only after Roxbury decided the applications on the merits and issued its resolution that Judge Cookson sought petitioner's withdrawal of the verified petition, and, when petitioner refused, issued her sua sponte Initial Decision finding the appeal from the de facto denials moot.

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket Co. v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). Further, "[i]t is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." N.J. Div. of Youth & Fam. Servs. v. W.F., 434 N.J. Super. 288, 297 (App. Div. 2014) (quoting Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993)).

A matter becomes moot when the sought-after relief "can have no practical effect on the existing controversy." Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). Generally, New Jersey courts do not decide a case where "the issue is hypothetical, a judgment cannot grant effective relief, or the parties

19

do not have concrete adversity of interest." Cinque, 261 N.J. Super. at 243 (quoting Anderson v. Sills, 143 N.J. Super. 432, 437 (Ch. Div. 1976)). However, cases are not moot if such a decision renders one of the parties resultantly subject to "collateral [legal] consequences" as a result of the dismissal. Id. at 244. This court's review of a decision to dismiss a matter on the grounds of mootness is de novo. Stop & Shop, 450 N.J. Super. at 290.

Petitioner's challenge to the ABC's determination the appeal was moot ignores that petitioner's agreement to remand the applications to Roxbury for a full hearing on the merits, and Roxbury's subsequent hearing on the merits and April 23, 2019 resolution denying the applications, rendered the de facto denials of the applications a nullity. It is incongruous to conclude petitioner could properly challenge the de facto denials following its agreement to a remand for a full hearing and decision on the merits of its applications, its participation in the hearing, and Roxbury's decision on the merits. Once the parties agreed to the remand, the hearing was held, and Roxbury issued its decision, the ABC could not properly provide any relief on petitioner's verified petition challenging the prior de facto denials of its applications. That is because petitioner's challenge to the de facto denials were effectively abandoned by the agreement

20

to the remand hearing and Roxbury's subsequent hearing and decision on the merits.

As Lipka explained in his October 4, 2019 letter to the Director, petitioner agreed to remand for the purpose of obtaining a more expeditious decision from Roxbury on the merits of its applications rather than proceed with the longer process before the OAL. In other words, petitioner opted for a hearing and decision on the merits, and not a hearing on its appeal from the de facto denials. And, once the conditions of petitioner's agreement to the remand option were fulfilled, with a hearing and decision on the merits, the OAL could not offer relief to petitioner on the option it rejected, a challenge it had presented in its verified petition to the de facto denials. As Judge Cookson and the ABC correctly determined, because relief from the de facto denials that were the subject of verified petition could no longer be provided, petitioner's initial appeal was moot. Judge Cookson's May 31, 2019 decision correctly dismissed the appeal as such.

Petitioner offers no arguments of merit to the contrary. Petitioner claims that "the predicate facts" used to make the mootness determination "are disputed," but fails to identify any disputed facts pertinent to the mootness determination. Petitioner argues that even "[a]ccepting that [it] agreed to a

21

remand, the issue of whether [it] agreed to then dismiss the case is disputed." Again, this claim ignores Lipka's unequivocal admission petitioner agreed to the remand for Roxbury to consider and decide the merits of case for the express purpose of more promptly obtaining a decision on the merits rather than a determination in the OAL on the de facto denials. In addition, and as noted, Judge Cookson's Initial Decision and the ABC's final determination that the claims in the verified petition are moot were not based in any manner on a finding petitioner agreed to the dismiss the appeal as a condition of the remand.

Petitioner also claims the appeal embodied in the verified petition was not moot because, at the time the ABC issued its October 15, 2019 final decision adopting Judge Cookson's May 31, 2019 Initial Decision, petitioner had filed its August 1, 2019 letter stating the correspondence should be considered as a continuation of its appeal to include a challenge to Roxbury's April 23, 2019 resolution. Of course, petitioner did not have any knowledge of Judge Cookson's Initial Decision at the time it sent its August 1, 2019 letter because the OAL had not served the decision by that time. And, when the August 1, 2019 letter was sent, the ABC had not issued its final decision dismissing the appeal.

In any event, as the ABC explained in its October 15, 2019 final agency decision, it considered Lipka's August 1, 2019 and October 4, 2019 letters following petitioner's receipt of Judge Cookson's decision, as exceptions to the decision. And, in its final agency decision, the ABC directly addressed petitioner's reliance on its August 1, 2019 letter as a request to add to its verified petition its challenge to Roxbury's April 23, 2019 resolution. The ABC properly rejected the request.

The ABC found that under N.J.A.C. 13:2-17.3, "[p]etitioner had [thirty] days from April 25, 2019, when [it] was provided [Roxbury's] [r]esolution . . . to withdraw the appeal from OAL and submit a new appeal with the ABC challenging" the resolution denying the renewal and transfer applications on the merits. In pertinent part, N.J.A.C. 13:2-17.3 provides that appeals from liquor "licensee or applicant for a license must be taken within [thirty] days after . . . service . . . of a written notice by the municipal issuing authority of the action taken against the licensee or the applicant." The ABC determined petitioner's attempt, in Lipka's August 1, 2019 letter, to appeal from Roxbury's April 25, 2019 resolution, by declaring its challenge to the resolution should be considered part of the initial appeal, was "out of time" under N.J.A.C. 13.2-17.3.

The ABC further noted petitioner "did not address why [it] did not timely appeal from" Roxbury's "April . . . 2019 determination to deny renewal of the license."

On appeal, petitioner does dispute ABC's finding petitioner offered no reason it failed to timely appeal form Roxbury's April 23, 2019 resolution. Petitioner also does not argue the ABC erred by finding the August 1, 2019 letter constituted an untimely attempt to appeal from the resolution. We consider those arguments abandoned, and therefore discern no basis to reject the ABC's determination. See Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (finding claims not addressed in merits brief are deemed abandoned); see also Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2022) ("[i]t is, of course, clear that an issue not briefed is deemed waived").

Petitioner clearly understood that any challenge to the April 23, 2019 resolution was not encompassed by its verified petition, which petitioner believed was still pending on August 1, 2019. It sought to sought add its appeal of the April 23, 2019 resolution to its verified petition, and would not have done so unless in understood the challenge to the resolution was not encompassed by the then-pending verified petition.

24

Petitioner's August 1, 2019 attempt to appeal from the April resolution occurred long after the deadline in N.J.A.C. 13.2-17.3, and petitioner does not argue otherwise. See Drinker Biddle & Reath, 421 N.J. Super. at 496 n.5. Petitioner also offered no reasons to the ABC, and points to none on appeal, for its failure to timely seek review of Roxbury's resolution denying the applications on the merits. In sum, we discern no basis to conclude the ABC erred by determining petitioner's August 1, 2019 putative attempt to appeal from the April 23, 2019 resolution was untimely.

Petitioner argues only that amendments to pleadings should be liberally granted, but it ignores the ABC did not reject a request to amend a pleading; the ABC determined the putative appeal asserted in the August 1, 2019 letter was untimely under N.J.A.C. 13.2-17.3. As noted, petitioner does not offer any argument that determination was in error. See ibid.

Petitioner also claims the ABC erred by denying its motion for reconsideration. We find the argument is without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(D), and affirm the ABC's denial of the motion substantially for the reasons set forth in its February 12, 2020 order. We note only that based on our review of the record, petitioner's motion failed to establish the ABC's October 15, 2019 decision was based on a palpably

incorrect irrational basis, or alternatively the ABC did not consider or failed to consider or appreciate the significance of probative, competent evidence. <u>See generally</u> <u>Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment</u>, 440 N.J. Super. 378, 382 (App. Div. 2015) (explaining standard for granting a reconsideration motion under the New Jersey Court Rules).[16]

To the extent we have not expressly addressed any of petitioner's other arguments, we find they are without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[16] The ABC applied the standard for reconsideration motions under the New Jersey Court Rules in accordance with N.J.A.C. 1.1-1.3(a) which provides for the use of court rules in administrative actions. <u>See also</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u> 1:1-1 (stating "where no specific procedure is provided, administrative agencies generally follow the spirit and intent of the court rules").